UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KIM HERNANDEZ and DANIEL VASQUEZ §<br>    Plaintiffs, §<br> §<br>vs. §<br> §<br> §<br>SANCHEZ OIL & GAS CORPORATION, §<br>EMERGENCY SITE PROTECTION, LLC, §<br>and GRYPHON OILFIELD SOLUTIONS, §<br>LLC §<br>    Defendants. § | CIVIL ACTION NO. 5:19-cv-433 |

PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Kim Hernandez and Daniel Vasquez ("Plaintiffs") file this Original Complaint, as follows:

## I.    PRELIMINARY STATEMENT

1.    Sanchez Oil and Gas Corporation ("Sanchez"), Emergency Site Protection, LLC ("ESP"), and Gryphon Oilfield Solutions, LLC ("Gryphon,") (referred to herein collectively as "Defendants") were formerly the employers, co-employers and/or joint employers of Plaintiffs. Plaintiffs were hired and paid by Gryphon and/or ESP but worked at Sanchez's drilling facilities as security/gate guards. Plaintiffs were classified as independent contractors, despite the fact that they worked full time for Defendants, and virtually every aspect of their jobs were controlled by Defendants. Defendants misclassified Plaintiffs as independent contractors to avoid paying employment taxes, workers' compensation insurance, benefits and overtime. During their time with Defendants, Plaintiffs typically worked at least 12 hours per day, and at least 70 hours per week.

Plaintiffs were paid on an hourly basis, and were paid the same hourly rate for each hour worked, and thus never received overtime pay.

2. Plaintiffs bring this action to recover overtime compensation violations and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 et. se. (the "FLSA").

3. For at least three years prior to the filing of this Complaint, Defendants willfully committed widespread violations of the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II.     PARTIES

4. Plaintiffs are individuals who were formerly employed by Defendants.

5. Defendant Sanchez Oil & Gas Corporation is a foreign corporation with its principal office in Laredo, Texas. Sanchez Oil & Gas Corporation can be served with process by serving its registered agent for service of process, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas Texas 75201, or where found.

6. Defendant Emergency Site Protection, LLC is a Texas limited liability company, licensed to and doing business in Texas, and may be served through its registered agent for service of process in Texas, Michael William McCoy, 55 West Double Green Circle, The Woodlands, TX 77382, or where found.

7. Defendant Gryphon Oilfield Solutions, LLC is a foreign limited liability company, licensed to and doing business in Texas, and may be served through its registered agent for

service of process, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201, or where found.

### III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

9. This Court has personal jurisdiction over Defendants because they are Texas residents. This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. Specifically, much of the work performed by Plaintiffs was performed in the Eagle-Ford Shale, and more specifically, in and around the Carrizo Springs, Texas area, which is located in Dimmit County, which is in the San Antonio Division of the Western District of Texas.

### IV. COVERAGE

11. At all relevant times, Defendants have acted, directly or indirectly, as an employer or joint employer with respect to Plaintiffs. Defendants are directly or indirectly responsible for all decisions related to the wages to be paid to Plaintiffs, the work to be performed by Plaintiffs, the locations of work performed by the employees, the hours to be worked by Plaintiffs, and the compensation policies with respect to Plaintiffs.

12. At all relevant times, Defendants have operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all relevant times, Defendants have operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

14. At all relevant times, Plaintiffs were employees of Defendants who were engaged in commerce or in the production of goods for commerce.

V.   FACTUAL BACKGROUND

15. Sanchez is an oil and gas company with operations in Texas and across the United States. Defendants Gryphon and ESP hire and outsource security guards to Sanchez and possibly other oil and gas companies. Kim Hernandez was a security guard for Defendants from approximately January of 2018 until December of 2018. Daniel Vasquez was a security guard for Defendants from approximately June of 2017 until April 2018. Sanchez has contracted with Gryphon and ESP for its security guards, requiring Plaintiffs to patrol the job sites of Defendants' clients, including Sanchez, by searching people and vehicles coming in and going out of the job site.

16. During Plaintiffs' employment with Defendants while they were classified as independent contractors, Defendants exercised control over all aspects of their jobs. Defendants did not require any substantial investment by Plaintiffs in order for them to perform the work re-

quired of them. Defendants determined Plaintiffs' opportunity for profit and loss. Plaintiffs were not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties. Plaintiffs worked extensively for Defendants as independent contractors during their terms of employment specified above. Indeed, Defendants controlled all of the significant or meaningful aspects of the job duties performed by Plaintiffs.

17. Defendants dictated the hours and locations Plaintiffs worked, tools and equipment used, and rates of pay received. Plaintiffs did not freely negotiate their own pay rates - instead, Defendants dictated to Plaintiffs (and other similarly situated workers) how much they would receive.

18. Defendants controlled all aspects of Plaintiffs' job activities by enforcing mandatory compliance with Defendants' policies and procedures.

19. No real investment was required of Plaintiffs to perform their jobs. More often than not, Plaintiffs utilized equipment provided by Defendants to perform their job duties. Plaintiffs did not provide the equipment they worked with on a daily basis. If Plaintiffs had to buy materials in order to complete a job, Plaintiffs were reimbursed for all expenses. Defendants and/or its clients made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Plaintiffs worked.

20. Plaintiffs did not incur operating expenses like rent, payroll, marketing, insurance, and bills.

21. Plaintiffs were economically dependent on Defendants during their employment and were or are not in business for themselves.

22. Defendants set, directly or indirectly, Plaintiffs' rates of pay, their work schedules, and prohibited them from working other jobs for other companies while they were working on jobs for Defendants.

23. Defendants directly determined Plaintiffs' opportunity for profit and loss. Plaintiffs' earning opportunity was based on the number of days Defendants scheduled them to work.

24. Very little skill, training, or initiative was required of Plaintiffs to perform their job duties.

25. Indeed, the daily and weekly activities of Plaintiffs were routine and largely governed by standardized plans, procedures, and checklists created by Defendants and/ or its clients. Virtually every job function was pre-determined by Defendants, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties. Plaintiffs were prohibited from varying their job duties outside of the pre- determined parameters. Moreover, the job functions of Plaintiffs were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree. Plaintiffs did not have any supervisory or management duties. Finally, for the purposes of an FLSA overtime claim, Plaintiffs performed substantially similar job duties related to servicing oil and gas operations in the field.

26. Plaintiffs performed routine manual labor duties that were largely dictated by Defendants.

27. Plaintiffs was not employed by Defendants on a project-by-project basis. In fact, while Plaintiffs were classified as an independent contractor, they were regularly required to be

on call for Defendants and were expected on short notice to fill in for other supposed "independent contractors" and work whenever needed.

28. Plaintiffs perform the same or similar job duties and are subjected to the same or similar policies and procedures, which dictate the day-to-day activities performed by each person.

29. Plaintiffs also worked similar hours and were denied overtime as a result of the same illegal pay practice. Plaintiffs all worked in excess of 40 hours each week and were often scheduled for 12 hour shifts for weeks at a time. Defendants denied Plaintiffs overtime for any and all hours worked in excess of 40 hours in a single workweek.

30. Defendants' policy of failing to pay Plaintiffs overtime violates the FLSA because these workers are, for all purposes, employees performing non- exempt job duties.

31. Because Plaintiffs were misclassified as an independent contractor by Defendants, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

32. Defendants' misclassification system violates the FLSA because Plaintiffs did not receive any overtime pay for hours worked over 40 hours each week.

### VI. CAUSE OF ACTION - VIOLATIONS OF THE FLSA

33. The foregoing allegations are incorporated herein by reference.

34. Plaintiffs were non-exempt employees of Defendants.

35. Plaintiffs are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

36. Defendants violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiffs overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

37. In further violation of the FLSA, Defendants failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiffs.

38. Plaintiffs seek all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VII. RELIEF SOUGHT

WHEREFORE, Plaintiffs respectfully request that Defendants be required to answer and appear, and that on final hearing, Plaintiffs be awarded:

a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;

b. Liquidated damages in an amount equal to the unpaid overtime compensation;

c. Attorney's fees, costs and expenses;

d. Pre- and post-judgment interest at the highest rates allowed by law; and

e. All other relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.

1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**ATTORNEY FOR PLAINTIFFS**